UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER W.,

                Plaintiff,

v.                                                    5:23-cv-1581 (AMN/DJS)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                                            **OF COUNSEL:**

**HILLER COMERFORD**                     **JUSTIN M. GOLDSTEIN, ESQ.**
**INJURY & DISABILITY LAW**
6000 North Bailey Avenue – Suite 1A
Amherst, New York 14226
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**     **SHANNON FISHEL, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On December 15, 2023, Plaintiff Christopher W.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding that Plaintiff was not disabled ("Complaint"). Dkt. No. 1.[2]

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who, on February 11, 2025, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 10, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, dismiss the Complaint, Dkt. No. 1, and affirm the Commissioner's decision.  Dkt. No. 18 ("Report-Recommendation").  Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 12.  Plaintiff filed timely objections on February 18, 2025.  Dkt. No. 19.  Commissioner filed a response to Plaintiff's objections on March 7, 2025.  Dkt. No. 23.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).[3]  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See id.* at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

---

[3] "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)).

2

recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).  "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review."  *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.  *See* Dkt. No. 18 at 1-5.

Generally, Plaintiff objects to the Report-Recommendation's finding that the Administrative Law Judge ("ALJ") sufficiently evaluated Dr. Glenn Thibault's medical opinion for supportability.  Dkt. No. 19 at 1.  Specifically, Plaintiff argues that the ALJ overlooked the supportive narrative within Dr. Thibault's opinion form and his treatment notes, that the ALJ improperly relied on the fact that Dr. Thibault's opinion was given in check box form to discredit its supportability, that such consideration contradicted the ALJ's treatment of Dr. Saeed's opinion, and that the ALJ improperly speculated about the basis of Dr. Thibault's suggested limitations.  *Id.* at 2, 5, 6, 9.  Plaintiff concedes that he made these arguments before Magistrate Judge Stewart, so

the Court engages in clear error review. *Id.* at 1 (citing Dkt. Nos. 10, 17 and noting the proper standard of review is "clear error"); *see Petersen*, 2 F. Supp. 3d at 228-29 & n.6.[4]

First, Plaintiff objects that "the ALJ did not consider the support provided in the actual [medical opinion] form itself" and "within Dr. Thibault's treatment notes" for the breaks, off-task behavior, and absence limitations suggested by Dr. Thibault. *Id.* at 2-3. An ALJ's "failure to indicate how [] supporting explanations were considered is error." *Id.* at 3 (citing *Scott A. W. v. Comm'r of Soc. Sec.*, 5:23-cv-131 (BKS), 2024 WL 2023238, *9 (N.D.N.Y. May 6, 2024)). Here, Dr. Thibault's opinion notes that Plaintiff "is an insulin dependent diabetic with gastroparesis causing intermittent nausea and vomiting, though some days [he] has no symptoms." Dkt. No. 6-9 at 143. Magistrate Judge Stewart noted this "explanation" but characterized it as merely stating "that Plaintiff is a diabetic[,]" and found it was incapable of supporting the relevant limitations. Dkt. No. 18 at 8. Though Magistrate Judge Stewart may have simplified the description of Dr. Thibault's "explanation," the Court finds no clear error in the finding that it was insufficient. Magistrate Judge Stewart implicitly recognized, as Plaintiff points out, that "[a] summary of treatment notes and objective medical evidence is not a supporting explanation." Dkt. No. 19 at 7 (citing *Robert O. v. Comm'r of Soc. Sec.*, 3:20-CV-1612 (TWD), 2022 WL 593554, at *14 (N.D.N.Y. Feb. 28, 2022)). Plaintiff also points to the opinion form's note that Dr. Thibault had seen Plaintiff "every 3 months since July 9, 2020 with diagnoses of diabetes mellitus with gastroparesis." *Id.* at 3 (citing Dkt. No. 6-9 at 141). But again, this note is a mere summary of treatment and does not "explain" how Dr. Thibault arrived at the limitations he suggested. Regardless, the ALJ did in fact note this portion of Dr. Thibault's opinion form. *See* Dkt. No. 6-2

---

[4] To the extent that Plaintiff did not make these specific arguments explicit before Magistrate Judge Stewart, but could have, the Court need not consider them. *See James L.E. v. Comm'r of Soc. Sec.*, 5:23-CV-0630 (BKS/CFH), 2024 WL 5052951, at *1 (N.D.N.Y. Dec. 10, 2024) (citation omitted).

at 31 (crediting the opinion because of the "long-term treatment relationship"). Nor does Plaintiff's argument that the ALJ failed to consider Dr. Thibault's treatment notes hold up to scrutiny on clear error review. Magistrate Judge Stewart explains that the ALJ "went into detail" about the treatment notes within the supportability analysis, and thus the analysis was sufficient. *See* Dkt. No. 18 at 7-8 (citing Dkt. No. 6-2 at 32 and *Taylor v. Comm'r of Soc. Sec.*, 711 F. Supp. 3d 148 (E.D.N.Y. 2024)); Dkt. No. 6-2 at 31 (noting the ALJ considered "Dr. Thibault's own treatment notes"). Therefore, the Court finds no clear error[5] in the Report-Recommendation's finding with respect to the ALJ's analysis of Dr. Thibault's treatment record and its reliance on *Taylor*, 711 F. Supp. 3d 148.

      Second, Plaintiff objects that the ALJ improperly discredited Dr. Thibault's opinion based on the fact that it was given in check box form. While an ALJ may not discount a medical opinion solely because it is presented in check box form, *see Robert O.*, 2022 WL 593554, at *13, noting an opinion was given in check box form does not, on its own, indicate that the ALJ's analysis of supportability was insufficient. So long as the ALJ "also took issue with the opinions[] [and] lack of supporting explanations[,]" the ALJ's assessment stands up to scrutiny. *Id.* Again, Magistrate Judge Stewart noted that in assessing the supportability of Dr. Thibault's opinion, the ALJ considered "Dr. Thibault's *own treatment notes*, the clinical findings identified, the objective imaging results cited, the reports of the activities of daily living, and the claimant's course of medical treatment." Dkt. No. 18 at 7 (emphasis added) (citation omitted). Magistrate Judge Stewart also noted that Dr. Thibault's findings did not "refer[] to clinical or diagnostic finding or narrative explanation[.]" *Id.* Indeed, the ALJ cites specifically to Dr. Thibault's treatment notes, provides detail on consistency with the rest of the medical record, and notes the lack of supporting

---

[5] Plaintiff made this argument before Magistrate Judge Stewart. *See* Dkt. No. 10 at 15-17.

explanation in her supportability assessment. Dkt. No. 6-2 at 31-33. Thus, the Court finds no clear error[6] in the Report-Recommendation's determination that the supportability assessment was sufficient, despite the ALJ's noting of the check box format.

Third, Plaintiff objects that the ALJ assessed the supportability of Dr. Saeed's medical opinion in a manner inconsistent with her assessment of Dr. Thibault's opinion.[7] Plaintiff asserts that because Dr. Saeed was limited to a potentially more restrictive check box form, the ALJ erred in not similarly discrediting the supportability of Dr. Saeed's opinions. Dkt. No. 19 at 6-7. But Magistrate Judge Stewart noted that Dr. Saeed, unlike Dr. Thibault, provided narratives to support his suggestions, and that the ALJ found some of his suggestions were "not supported by objective clinical and laboratory findings from various medical sources[,]" undermining Plaintiff's argument that Dr. Thibault's opinion was unfairly subjected to a stricter analysis. Dkt. No. 18 at 10. The Report-Recommendation also noted that the ALJ later discussed specific objective medical evidence in relation to Dr. Saeed's limitations. *Id.* The Court finds no clear error[8] in the Report-Recommendation's determination that the ALJ properly assessed Dr. Saeed's opinion.

Fourth, Plaintiff objects that the ALJ improperly speculated as to the basis of Dr. Thibault's suggested limitations. *See* Dkt. No. 19 at 8-9. Plaintiff argues that the ALJ's conclusion that Dr. Thibault's suggested limitations as to breaks, off-task behavior, and absences are based on Plaintiff's self-reports demonstrates that the ALJ's supportability analysis is premised on

---

[6] In substance, Plaintiff made this argument before Magistrate Judge Stewart. *See* Dkt. No. 10 at 13-15. To the extent that Plaintiff did not, he could have, and the Court need not consider it. *See James L.E.*, 2024 WL 5052951, at *1.

[7] Though Plaintiff's objections are all included under the heading, "The ALJ erred under the supportability factor when evaluating Dr. Thibault's opinion[,]" the Court treats the argument as to Dr. Saeed as its own objection.

[8] Plaintiff acknowledges that he made this argument before Magistrate Judge Stewart. *See* Dkt. No. 19 at 6 (citing Dkt. No. 10 at 23-25).

6

speculation as to the basis of Dr. Thibault's opinions, which "is 'inappropriate[.]'" Dkt. No. 19 at 9 (quoting *Jennifer M. v. Saul*, 6:20-CV-917 (DJS), 2021 WL 2210904, at *3 (N.D.N.Y. June 1, 2021)). The Report-Recommendation found that the ALJ's analysis was "sufficient." Dkt. No. 18 at 7. Indeed, the face of the record reveals that the ALJ was not speculating as to the basis of Dr. Thibault's limitations, but instead, was noting that on the day Dr. Thibault issued his report, Plaintiff reported to Dr. Thibault that his principal medical complaint was that he frequently vomited throughout the day. Dkt. No. 6-2 at 32 (citing Exhibit B14F at p. 5). Moreover, the Report-Recommendation reviewed the ALJ's analysis of Dr. Thibault's treatment records and found that the ALJ's supportability analysis was sufficient for separate reasons, including the ALJ's notation of Dr. Thibault's failure to provide explanation for the suggested limitations on breaks, off-task behavior, and absences and the ALJ's in-depth assessment of Dr. Thibault's treatment notes as to other suggested limitations. Dkt. No. 18 at 7-8. Thus, the Court finds no clear error[9] in the Report-Recommendation's treatment of Dr. Thibault's medical opinion. Given the lack of clear error in the supportability analysis, the Court need not move on to Plaintiff's "harmless error" arguments. Dkt. No. 19 at 11-14.[10]

## IV.   CONCLUSION

Accordingly, the Court hereby

---

[9] Plaintiff made this argument before Magistrate Judge Stewart. *See* Dkt. No. 10 at 18.

[10] To the extent that the harmless error portion of Plaintiff's objections asserts the separate objection that Magistrate Judge Stewart and the ALJ improperly considered the "intermittent" nature of Plaintiff's symptoms in the supportability analysis, the Court applies clear error review. *See* Dkt. No. 17 at 1. The Court finds no clear error in the Report-Recommendation's recommendation with respect to the ALJ's decision despite this argument. Though an ALJ likely cannot discredit limitations solely by citing to "frequent periods of improvement" which naturally result from the intermittent nature of a condition, that is not what the ALJ did here. *Rosato v. Barnhart*, 352 F. Supp. 2d 386, 397 (E.D.N.Y. 2005). Rather the ALJ noted overall improvement *in response to specific treatments*. Dkt. No. 6-2 at 27-28.

**ORDERS** that the Report-Recommendation, Dkt. No. 18, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 10, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 24, 2025
       Albany, New York

Anne M. Nardacci
U.S. District Judge